### UNITED STATES of America, Plaintiff—Appellee,

v.

### Ronald Allan FAJARDO, aka Francis Ayala; Ronald Sangalang Fajardo; Ronald S. Fajardo, Defendant—Appellant.

No. 05–50538.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 4, 2006.

Decided April 14, 2006.

Fed. R.App. P. 34(a)(2).

** The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

Becky S. Walker, Esq., USLA—Office of the U.S. Attorney, Los Angeles, CA, Donald F. Gaffney, AUSA, USSA—Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

Edward M. Robinson, Esq., Law Offices of Edward M. Robinson, Torrance, CA, for Defendant–Appellant.

Before: FARRIS, FERNANDEZ, and THOMAS, Circuit Judges.

### MEMORANDUM *

Fajardo pled guilty on April 11, 2005 to five counts of mail fraud. His scheme consisted of sending forged notices of traffic infractions to the public in the names of the Superior Court of California and the State of California. The letters included envelopes addressed to boxes owned by Fajardo, and instructed that payment should be made to "Process Center," the name of an entity incorporated by Fajardo. Fajardo admitted mailing approximately forty letters; the investigation revealed that he had sent seventy-three letters. Seventeen recipients paid a total of $3,671. The seventy-three letters sought payment of $11,249.

The Probation Office calculated a total offense level of fourteen, including a three-level downward adjustment for acceptance of responsibility. Fajardo fell into Criminal History Category I, resulting in a Guidelines range of fifteen to twenty-one months. The Guidelines calculations are not disputed. Probation recommended a sentence of ten months, based on the discrepancy between actual and intended loss. The Government sought a fifteen month sentence.

Fajardo argued for sixth months of home detention, noting that the Guideline range based on actual loss would be six to twelve months. He also argued for a downward departure based on post-offense rehabilitation, offering evidence of his enrollment at the University of Phoenix (in California), a certificate of completion for Toastmasters International Program, an acknowledgment by the Christian Children's Fund of a $34 contribution, and a prescription for Naprosyn, presumably used to treat Fajardo's injuries from a recent car accident. He also noted that he took care of his ill mother.

The district court sentenced Fajardo to fifteen months, at the low end of the

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Guidelines range, stating that the planning displayed and the duplicity involved justified a substantial sentence. The Sentencing Memorandum stated that the Guidelines range was in conformity with the other factors listed in 18 U.S.C. § 3553(a).

Section 3553(a) states that the district court must consider the following factors in sentencing:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the [Sentencing] guidelines—

. . .

(5) any pertinent policy statement—

(A) issued by the Sentencing Commission . . .

. . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

We have reviewed the record and conclude that this requirement was met. The sentence imposed was reasonable. Fajardo's lack of criminal history was taken into account.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.